UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC )<br><br>    Plaintiff, )<br><br>)<br><br>)<br><br>v.   )<br><br>)<br><br>DISPLAY INDUSTRIES LLC )<br><br>    Defendant. )<br><br>)<br><br>——————————————— ) | Civil Action No. 11-CV-6390<br><br>JURY TRIAL DEMANDED |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF
## DEFENDANT DISPLAY INDUSTRIES LLC

Defendant Display Industries LLC, pursuant to Federal Rules of Civil Procedure 7, 8, 12, and 13, by and through its counsel, Kilpatrick Townsend & Stockton LLP, as and for its Answer, Affirmative Defenses and Counterclaim in response to the Complaint of Plaintiffs, says:

### Parties

1.  Display Industries is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 1 of Display Technologies' Complaint.

2.  Display Industries admits the allegations in Paragraph 2 of Display Technologies' Complaint.

3.  Display Industries admits the allegations in Paragraph 3 of Display Technologies' Complaint.

US2008 1204938.1

## Jurisdiction and Venue

4.     Display Industries admits that the Complaint purports to allege infringement of a United States Letters Patent, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     Display Industries denies the allegations of Paragraph 5 of Display Technologies' Complaint.

6.     Display Industries denies the allegations of Paragraph 6 of Display Technologies' Complaint.

## The Patent in Suit

7.     Display Industries is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 7 of Display Technologies' Complaint.

8.     Display Industries is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 8 of Display Technologies' Complaint.

## Factual Background

9.     Display Industries is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 9 of Display Technologies' Complaint.

10.     Display Industries denies the allegations in Paragraph 10 of Display Technologies' Complaint.

11.     Display Industries denies the allegations in Paragraph 10 of Display Technologies' Complaint.

## First Cause of Action

12.     Display Industries repeats and makes a part hereof its answers to Paragraphs 1-11 of Display Technologies' Complaint.

US2008 1204938.1

13.   Display Industries denies the allegations in Paragraph 13 of Display Technologies' Complaint.

14.   Display Industries denies the allegations in Paragraph 14 of Display Technologies' Complaint.

15.   Display Industries denies the allegations in Paragraph 10 of Display Technologies' Complaint.

## AFFIRMATIVE DEFENSES

Display Industries alleges and asserts the following defenses in response to the allegations by Display Technologies, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE

16.   Display Industries has failed to state a claim upon which relief may be granted, in part because the claim made by Display Technologies is subject to Binding Mediation as a contractual obligation, all as set forth in an Agreement between Display Industries, Display Technologies and Mead Corporation, executed on March 2, 2000, effective as of December 31, 1999, to practice one or more of the claims of, *inter alia,* the '176 Patent.

## SECOND AFFIRMATIVE DEFENSE

17.   Display Industries has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '176 Patent.

US2008 1204938.1

## THIRD AFFIRMATIVE DEFENSE

18.    Some or all of the claims of the '176 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 101, 102, 103, and 112 of Title 35.

## FOURTH AFFIRMATIVE DEFENSE

19.    Some or all of Display Industries' claims are barred by the equitable doctrines of waiver, acquiescence, laches, or unclean hands, among other reasons, pursuant to 35 U.S.C §286.

## FIFTH AFFIRMATIVE DEFENSE

20.    Display Industries is estopped from asserting infringement of the '176 Patent by Display Industries by virtue of either prior art to '176 Patent or due to Display Technologies' conduct and representations regarding the '176 Patent, including, but not limited to representations made by Display Technologies in connection with prior litigation between Display Technologies and Display Industries concerning the validity of claims of the '176 Patent.

## SIXTH AFFIRMATIVE DEFENSE

21.    Display Industries' claims for relief are barred, in whole or in part, because Display Industries has a license, at least, to make, use, and sell the product now accused by Display Technologies of infringing the '176 Patent, all as set forth in an Agreement, executed on March 2, 2000, effective as of December 31, 1999, to practice one or more of the claims of, *inter alia,* the '176 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

22.    Venue is not proper in this District because there is a more convenient and appropriate forum.

- 4 -

## EIGHTH AFFIRMATIVE DEFENSE

23.     Display Technologies' claims are, in whole or in part, barred by operation of the applicable statutes of limitations or doctrines of repose respecting the allegations of the Complaint and the exclusive and final remedy of binding mediation prescribed by the Agreement of March 2, 2000, effective as of December 31, 1999.

## COUNTERCLAIM

Counterclaim Plaintiff Display Industries, LLC, ("Display Industries"), through its counsel of record, Kilpatrick Townsend & Stockton LLP, as and for its Counterclaim against Plaintiff and Counterclaim Defendant Display Technologies, LLC ( "Display Technologies"), says:

1.     Display Industries is a limited liability company, organized and existing under the laws of the State of Georgia, with its principal place of business in Norcross, Georgia.

2.     Upon information and belief, Counterclaim Defendant Display Technologies, LLC is a limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business in New York.

3.     Subject to Display Industries' affirmative defenses and denials above, Display Technologies alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. § 1331, 1338(a); accordingly, jurisdiction over this Counterclaim is appropriate and proper under the Federal Rules of Civil Procedure and the alleged provisions of the United States Judicial Code.

4.     In or about March, 2000, Display Industries, Display Technologies and The Mead Corporation ("Mead") executed an Agreement ("the Settlement Agreement").

US2008 1204938.1

5.   The Settlement Agreement ended two, then–pending litigations in which Display Technologies alleged the infringement of the '176 Patent by both Display Industries and Mead.

6.   The Settlement Agreement granted Display Industries a non-exclusive, paid-up, non-terminable, world-wide license to make, use, sell, and offer to sell what were described in the Settlement Agreement as "Licensed Products."

7.   Licensed Products under the Settlement Agreement were defined, *in haec verba,* as the "types of product depicted in Exhibit A" of the Settlement Agreement.

8.   The scope of the license under the Settlement Agreement also included "insubstantial structural variations on the Licensed Products."

9.   A display rack for use in refrigerated cases constitutes a type of product covered by the license to the patents identified in the Settlement Agreement, including, without limitation, the '176 Patent.

10.  In the Complaint filed in this action, Display Technologies accuses of infringement of the '176 Patent a Display Industries' product that is display rack for use in refrigerated cases, a type of product that constitutes a Licensed Product under the Settlement Agreement.

11.  The license granted by the Settlement Agreement to Display Industries also covers what the Settlement Agreement denominated "Modified Products," which includes "any apparatus (other than Licensed Products) that has structure which is no closer to the claimed structure of any valid claim of the Licensed Patent than is the structure of the Licensed Products."

12.  The Settlement Agreement also specified an "exclusive" and "final" mechanism to resolve any disputes whether a new product design to be offered by Display Industries

- 6 -

US2008 1204938.1

was entitled to the benefits of the license granted under the Settlement Agreement either as a Licensed Product or as a Modified Product.

13. For a new product design to qualify as a Modified Product, entitled to the benefit of the patent license granted by the Settlement Agreement, the structure of the new product was required to be no closer to a valid claim of the '176 Patent than was the original design.

14. The Display Industries products Display Technologies accuses of patent infringement in this action are entitled to the benefit of the license granted by the Settlement Agreement.

15. In or about 2001, Display Industries notified Display Technologies of the now-accused design and provided Display Technologies with information concerning it.

16. That design, which Display Technologies now accuses of infringing the '176 Patent, constituted either an insubstantial structural variation of the Licensed Product designated in the Settlement Agreement, thereby a Modified Product, entitled to a license under the Settlement Agreement or was itself already a Licensed Product.

17. Although Display Technologies did not acquiesce to the fact that the new design constituted a Modified Product, therefore entitled to the benefit of the license granted by the Settlement Agreement, it neither instituted the Settlement Agreement's exclusive mechanism to resolve disputes whether a new product design to be offered by Display Industries was entitled to the benefits of the license granted under the Settlement Agreement nor claimed that Display Industries' sale and marketing of the new design display rack for use in refrigerated cases somehow constituted a breach of the Settlement Agreement or infringement of any patent.

18. In reliance on Display Technologies' failure to institute the exclusive mechanism for determining whether a proposed design qualifies as a Modified Product under the

- 7 -

Settlement Agreement, Display Industries began, in or about 2003, to make, use, sell, offer for sale, promote and distribute a product embodying the design now accused by Display Technologies of infringing the '176 Patent and has done so continuously since then.

19.   Since 2003, the accused product has been openly displayed on the shelves of convenience stores throughout the United States as a dispenser for soda, water and other refrigerated beverages, giving Display Technologies, an active competitor in that marketplace ample opportunity to see, recognize and understand the product.

20.   Prior to the institution of this action, Display Technologies never complained to Display Industries that the now-accused product was not entitled to the benefit of the license granted by the Settlement Agreement.

21.   The product that Display Technologies now accuses of infringing the '176 Patent bears a marking that indicates that it is subject to the '176 Patent.

22.   Display Technologies has never complained to Display Industries that such marking as alleged in ¶21 of this Counterclaim was in any way improper or inappropriate.

23.   In executing the Settlement Agreement, Display Technologies represented to Display Industries that Display Technologies knew of no prior art that would invalidate the Licensed Patent, including the '176 Patent.

24.   That representation, as made by Display Technologies, as alleged in ¶22 of this Counterclaim, was false at the time made and was known to be false by Display Technologies at the time it was made to Display Industries.

25.   The Settlement Agreement was effective as of December 31, 1999, but was actually executed March 2, 2000.

- 8 -

26.    Prior to both the effective date of the Settlement Agreement and the date of the execution of the Settlement Agreement, on December 9, 1999, the United States District Court for the Southern District of New York, which was presiding over yet another action brought by Display Technologies against Paul Flum Ideas, Inc., which also asserted infringement of the '176 Patent, but to which Display Industries was neither a party nor aware of its existence, entered an opinion that granted partial summary judgment against Display Technologies by invalidating Claim 1 of the '176 Patent.

27.    Display Technologies did not disclose the decision alleged in Paragraph 25 of this Counterclaim, invalidating Claim 1 of the '176 Patent to Display Industries, at any time prior to the execution of the Settlement Agreement.

28.    Subsequent to the execution of the Settlement Agreement, the United States District Court for the Southern District of New York entered a further order and judgment invalidating several, additional claims of the '176 Patent and holding other claims not infringed by the product there accused of patent infringement.

29.    Display Technologies never notified Display Industries of the decision alleged in ¶27 of this Counterclaim, which had the effect of invalidating even more claims of the '176 Patent.

30.    In or about March 4, 2002, the United States Court of Appeals for the Federal Circuit affirmed the judgment of invalidity of Claims 1, 4, and 7-11 of the '176 Patent, and remanded the action for further proceedings in light of having reversed invalidity judgments respecting Claims 2 and 3 as well as non-infringement judgments as to Claims 14-16 and 21-26.

31.    On July 14, 2000, Display Technologies filed for reexamination of the '176 Patent.

32.   On November 5, 2002, the United States Patent and Trademark Office issued a Reexamination certificate for the '176 Patent.

33.   In that reexamination proceeding, Display Technologies affirmatively cancelled Claims 1, 4-11, and 17-19, and the United States Patent and Trademark Office confirmed the remaining claims of the original patent and allowed new claims 29-37.

34.   Some or all of the claims of the '176 Patent upon reexamination are broader than the presumptively valid claims of the '176 Patent, in violation of 35 U.S.C. §305.

35.   The structure of the accused Display Industries' product is no closer to the structure of any valid claim of the Licensed Patent as defined in the Settlement Agreement than was the structure of the Licensed Product.

36.   The structure of the accused Display Industries' product infringes no valid claim of the '176.

37.   The Display Industries' product that Display Technologies has accused of infringement in this action is licensed under the Settlement Agreement.

38.   An actual controversy exists between Display Technologies and Display Industries relative to Display Industries' freedom to make, use, sell, offer to sell, import, export or otherwise to market and distribute its products free of any claim by Display Technologies of patent infringement.

39.   By bringing this action, Display Technologies has breached the Settlement Agreement.

40.   The cost and expense of defending this action constitutes Display Industries' damages for Display Technologies' breach of the Settlement Agreement.

41.   Display Industries is entitled to a declaration by this Court pursuant ot 28 U.S.C. §2201 et seq., that Display Industries has not infringed and is not infringing, has not induced and is

- 10 -

not inducing others to infringe, and has not contributed to and is not contributing to the infringement of the '176 patent.

42.     Display Industries is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree pursuant to 28 U.S.C. §2202.

## COUNT I

43.     Display Industries repeats and makes a part here its allegations contained in Paragraphs 1-42 above, as though fully set forth herein.

44.     Display Technologies has alleged in this action that Display Industries has infringed, contributed to the infringement of, or induced others to infringe the '171 patent.  Display Industries denies that it has infringed, contributed to the infringement, or induced others to infringe the '171 patent.

45.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

46.     Display Industries is entitled to a declaration by this Court that Display Industries has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '176 patent either because Display Industries is licensed under the '176 Patent or that the accused product lacks all the elements of any valid claim of the '176 Patent, if any.

47.     Display Industries is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II

48.     Display Industries repeats and makes a part here the allegations contained in Paragraphs 1-46 above, as though fully set forth herein.

- 11 -

49. Display Technologies has alleged in this action that Display Industries has infringed, contributed to the infringement of, or induced others to infringe the '176 patent. However, some or all of the claims of the '176 patent are invalid.

50. There accordingly is an actual, immediate, and justiciable controversy between the parties respecting the validity of asserted claims of the '176 Patent.

51. Display Industries is entitled to a declaration by the Court rendering some or all of the claims of the '176 patent invalid.

52. Display Industries is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### COUNT III

53. Display Industries repeats and makes a part hereof its allegations of Paragraphs 1-51 of this Counterclaim.

54. By failing to institute the exclusive mechanism for determining whether a proposed Display is entitled to the benefit of the license granted under the Settlement Agreement, Display Technologies has breached the Settlement Agreement.

55. Display Technologies knew or should reasonably have known that since 2003 Display Industries has made, used, sold and offered for sale the product it now accuses of infringing the '176 Patent, in part because Display Industries gave Display Technologies contemporaneous notice thereof.

56. Display Technologies has delayed unreasonably in bringing these claims and should be barred by the equitable doctrine of laches for making its claim now.

57. More than six years has passed since Display Technologies knew of Display Industries' sale, offer for sale and promotion of the display rack for use in refrigerated cases that Display Technologies now accuses of infringement of the '176 Patent in this action.

- 12 -

58.     Display Industries is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count IV

59.     Display Industries repeats and makes a part hereof its allegations of Paragraphs 1-57 of this Counterclaim.

60.     Display Technologies' misrepresentations made in connection with the Settlement Agreement deprived Display Industries the opportunity to know the facts concerning the validity of the claims of the '176 Patent.

61.     Display Technologies intended for Display Industries to rely on the misrepresentations concerning the validity of certain of the claims of the '176 Patent.

62.     Display Industries entered the Settlement Agreement relying, in part, on the representations made by Display Technologies respecting the validity of the '176 Patent.

63.     Display Technologies is accordingly estopped by virtue of its conduct from enforcing the '176 Patent against Display Industries, irrespective of the license granted under the Settlement Agreement.

WHEREFORE, Display Industries, LLC respectfully prays that this Court enter judgment in its favor and as against Display Technologies, LLC with respect to the Complaint and Counterclaim as follows:

1.      Adjudging and declaring that Display Industries has not infringed and is not infringing the '176 patent, either because Display Industries is licensed under the '176 Patent for the accused product or that the accused product, a display rack for use in refrigerated cases does not satisfy the elements of any valid claim of the '176 Patent;

- 13 -

2.     Adjudging and declaring that the '176 patent is invalid, in whole or in part;

3.     Awarding Display Industries damages;

4.     Enjoining Display Technologies, its officers, agents, employees, managing agents, attorneys, and all those in active concert or participation with them, from asserting the '176 Patent against Display Industries, LLC, with respect to the currently accused product;

5.     For such other and further relief as the Court may deem just and proper, including costs of suit;

Respectfully submitted

**KILPATRICK TOWNSEND & STOCKTON LLP**
**31 W. 52nd Street**
**New York, New York 10019**
Attorneys for Display Industries, LLC

By: _____

FREDERICK L. WHITMER
A Member of the Firm
212.775.8773 (direct inward dial)
212.775.8800 (fax)
fwhitmer@kilpatricktownsend.com

New York, New York
October 6, 2011.

- 14 -

US2008 1204938.1

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the undersigned certifies that the foregoing document was served by electronic mail this 6th day of October, 2011.

Frederick L. Whitmer

US2008 1204938.1