UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | |
|     Plaintiff, | Civil Action No. 11-6390 (WHP) |
| v. | |
| DISPLAY INDUSTRIES, LLC, | **JURY TRIAL DEMANDED** |
|     Defendant. | |

## DISPLAY TECHNOLOGIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF DISPLAY INDUSTRIES, LLC

Plaintiff Display Technologies, LLC ("Display Technologies"), by and through its attorneys, answers and asserts affirmative defenses to the Counterclaim of Display Industries, LLC ("DI") as follows:

### PARTIES

1. Display Technologies admits the allegations of paragraph 1 of the Counterclaim.

2. Display Technologies admits the allegations of paragraph 2 of the Counterclaim.

3. Display Technologies admits that this Court has jurisdiction over the subject matter of the Counterclaim.

4. Display Technologies admits the allegations of paragraph 4 of the Counterclaim.

5. Display Technologies admits the allegations of paragraph 5 of the Counterclaim.

6. Display Technologies admits the allegations of paragraph 6 of the Counterclaim.

7118044

7.      Display Technologies denies the allegations of paragraph 7 of the Counterclaim, except admits that the definition of Licensed Product is set forth in the Settlement Agreement.

8.      Display Technologies denies the allegations of paragraph 8 of the Counterclaim, except admits that the definition of Licensed Product is set forth in the Settlement Agreement.

9.      Display Technologies denies the allegations of paragraph 9 of the Counterclaim, except admits that the Settlement Agreement defines the scope of the License.

10.     Display Technologies denies the allegations of paragraph 10 of the Counterclaim, except admits that Display Technologies filed a Complaint in this action for infringement, and refers to the Complaint for the content thereof.

11.     Display Technologies denies the allegations of paragraph 11 of the Counterclaim, except admits that the Settlement Agreement includes a definition of Modified Products.

12.     Display Technologies denies the allegations of paragraph 12 of the Counterclaim, except admits that the Settlement Agreement contains a mechanism for resolving disputes as to whether a Proposed Design qualifies as a Modified Product.

13.     Display Technologies denies the allegations of paragraph 13 of the Counterclaim, except admits that the Settlement Agreement contains a definition of Modified Products.

14.     Display Technologies denies the allegations of paragraph 14 of the Counterclaim.

15.     Display Technologies denies the allegations of paragraph 15 of the Counterclaim, except admits that on or around November 14, 2001 and November 14, 2001, DI sent letters to Display Technologies, and refers to those letters for the content thereof.

7118044

16. Display Technologies denies the allegations of paragraph 16 of the Counterclaim.

17. Display Technologies denies the allegations of paragraph 17 of the Counterclaim, except admits that it did not initiate any proceeding under the Settlement Agreement on the issue of whether a design constitutes a Modified Product.

18. Display Technologies denies the allegations of paragraph 18 of the Counterclaim.

19. Display Technologies denies the allegations of paragraph 19 of the Counterclaim.

20. Display Technologies denies the allegations of paragraph 20 of the Counterclaim.

21. Display Technologies admits the allegations of paragraph 21 of the Counterclaim.

22. Display Technologies denies the allegations of paragraph 22 of the Counterclaim.

23. Display Technologies denies the allegations of paragraph 23 of the Counterclaim.

24. Display Technologies denies the allegations of paragraph 24 of the Counterclaim.

25. Display Technologies admits the allegations of paragraph 25 of the Counterclaim.

26. Display Technologies denies the allegations of paragraph 26 of the Counterclaim, except admits that (i) on December 10, 1999, the United States District Court for the Southern District of New York entered an amended memorandum opinion in *Display Technologies v. Paul Flum Ideas*, No. 1:98-cv-05942-RWS (filed Aug. 20, 1998) stating the Court's reasons for granting the defendant Paul Flum Ideas' motion for summary judgment of invalidity as to Claim 1 of the '176 patent; (ii) the amended memorandum opinion was entered prior to both the

7118044

effective and execution dates of the Agreement Settlement; and (iii) DI was not a party to the litigation.

27. Display Technologies is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Counterclaim.

28. Display Technologies denies the allegations of paragraph 28 of the Counterclaim, except admits that subsequent decisions in the *Paul Flum Ideas* case were issued by the United States District Court for the Southern District of New York.

29. Display Technologies is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Counterclaim.

30. Display Technologies denies the allegations of paragraph 30 of the Counterclaim, except admits that the United States Court of Appeals for the Federal Circuit entered a decision on March 4, 2002 reported as *Display Technologies, Inc. v. Paul Flum Ideas, Inc.*, 282 F.3d 1340.

31. Display Technologies admits the allegations of paragraph 31 of the Counterclaim.

32. Display Technologies admits the allegations of paragraph 32 of the Counterclaim.

33. Display Technologies admits the allegations of paragraph 33 of the Counterclaim.

34. Display Technologies denies the allegations of paragraph 34 of the Counterclaim.

35. Display Technologies denies the allegations of paragraph 35 of the Counterclaim.

36. Display Technologies denies the allegations of paragraph 36 of the Counterclaim.

7118044

37. Display Technologies denies the allegations of paragraph 37 of the Counterclaim.

38. Display Technologies admits the allegations of paragraph 38 of the Counterclaim.

39. Display Technologies denies the allegations of paragraph 39 of the Counterclaim.

40. Display Technologies denies the allegations of paragraph 40 of the Counterclaim.

41. Display Technologies denies the allegations of paragraph 41 of the Counterclaim.

42. Display Technologies denies the allegations of paragraph 42 of the Counterclaim.

## COUNT I

43. Display Technologies incorporates its responses to paragraphs 1–42 above as though fully set forth herein.

44. Display Technologies denies the allegations of paragraph 44 of the Counterclaim, except admits that (i) it alleges that DI infringes, and contributes to and induces infringement of the '176 patent; and (ii) DI denies these allegations.

45. Display Technologies admits the allegations of paragraph 45 of the Counterclaim.

46. Display Technologies denies the allegations of paragraph 46 of the Counterclaim.

47. Display Technologies denies the allegations of paragraph 47 of the Counterclaim.

7118044

## COUNT II

48. Display Technologies incorporates its responses to paragraphs 1–46 above as though fully set forth herein.

49. Display Technologies denies the allegations of paragraph 49 of the Counterclaim, except admits that it alleges that DI infringes, and contributes to and induces infringement of the '176 patent.

50. Display Technologies denies the allegations of paragraph 50 of the Counterclaim.

51. Display Technologies denies the allegations of paragraph 51 of the Counterclaim.

52. Display Technologies denies the allegations of paragraph 52 of the Counterclaim.

## COUNT III

53. Display Technologies incorporates its responses to paragraphs 1–51 above as though fully set forth herein.

54. Display Technologies denies the allegations of paragraph 54 of the Counterclaim.

55. Display Technologies denies the allegations of paragraph 55 of the Counterclaim.

56. Display Technologies denies the allegations of paragraph 56 of the Counterclaim.

57. Display Technologies denies the allegations of paragraph 57 of the Counterclaim.

58. Display Technologies denies the allegations of paragraph 58 of the Counterclaim.

7118044

## COUNT IV

59. Display Technologies incorporates its responses to paragraphs 1–57 above as though fully set forth herein.

60. Display Technologies denies the allegations of paragraph 60 of the Counterclaim.

61. Display Technologies denies the allegations of paragraph 61 of the Counterclaim.

62. Display Technologies denies the allegations of paragraph 62 of the Counterclaim.

63. Display Technologies denies the allegations of paragraph 63 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

64. DI is barred from challenging the validity or enforceability of the '176 patent on the grounds of res judicata and/or collateral estoppel as a result of the Stipulation Of Dismissal With Prejudice entered on March 15, 2000 in *Display Technologies, Inc. v. The Mead Corporation*, No. 98-civ-950 (WHP) (S.D.N.Y.) and *Display Technologies, Inc. v. Display Depot LLC*, No. 99-civ-1509 (WHP) (S.D.N.Y.).

### SECOND AFFIRMATIVE DEFENSE

65. DI is barred from challenging the validity or enforceability of the '176 patent on the grounds that any such claims were waived and released under the Settlement Agreement.

### THIRD AFFIRMATIVE DEFENSE

66. DI is barred from asserting any counterclaim in this action on the grounds of unclean hands.

7118044

## FOURTH AFFIRMATIVE DEFENSE

67. The counterclaims fails to state a claim upon which relief can be granted.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff Display Technologies requests that the Court:

A. Dismiss DI's counterclaims with prejudice;

B. Award Display Technologies attorneys fees under 35 U.S.C. § 285; and

C. Grant Display Technologies such other and further belief as the Court may find just and equitable.

Dated: October 31, 2011

Respectfully submitted,

By: _____
Steven H. Reisberg
sreisberg@willkie.com
Thomas J. Meloro
tmeloro@willkie.com
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served and filed by electronic means on October 31, 2011 in accordance with the Court's instructions for Electronic Case Filing, and was therefore served and filed in compliance with S.D.N.Y. Local Civ. R. 5.2 and Fed. R. Civ. P. 5.

                                              Robert G. Kofsky