**Kilpatrick Townsend and Stockton LLP**
**Frederick L. Whitmer (FW-8888)**
**The Grace Building**
**1114 Avenue of the Americas**
**New York, New York 10036**
**Tel:  (212) 775-8700**
**Fax:  (212) 775-8800**
**fwhitmer@kilpatricktownsend.com**
*Attorneys for Defendant Display Industries*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:11-cv-06390(WHP) |
| vs. | ) ) ) | **Jury Trial Demanded** |
| **DISPLAY INDUSTRIES, LLC,** | ) ) | |
| Defendant. | ) ) ) ) | |

**ANSWER, AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, AND COUNTERCLAIMS OF DEFENDANT DISPLAY INDUSTRIES, LLC**

Defendant Display Industries, LLC. ("Display Industries"), pursuant to Federal Rules of Civil Procedure 7, 8, 12, and 13, for its Answer to the Amended Complaint, of Display Technologies, LLC ("Display Technologies") its Affirmative Defenses, and Counterclaims as follows,:

1

## PARTIES

1. Display Industries lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 1 of Display Technologies' Amended Complaint and therefore denies them.

2. Display Industries admits the allegations contained in Paragraph 2 of Display Technologies' Amended Complaint.

3. Display Industries admits the allegations contained in Paragraph 3 of Display Technologies' Amended Complaint.

## JURISDICTION AND VENUE

4. Display Industries admits that Display Technologies' Amended Complaint purports to describe an action that arises under the patent laws of the United States but denies the legal sufficiency of DT's claims and allegations. Display Industries admits that this Court has jurisdiction over the subject matter as alleged in this action.

5. Display Industries admits that it is subject to the exercise of this Court's personal jurisdiction. Display Industries admits that it has transacted business in within the State of New York, but denies all other allegations contained in Paragraph 6 of Display Technologies' Amended Complaint.

6. Display Industries admits that venue is proper in this district.

## THE PATENT IN SUIT

7. Display Industries admits that the United States Patent Office issued U.S. Patent No. 5,645,176 ("the '176 Patent"), entitled "Display Rack with Channel Front Member" and that the date listed as the issuance date on the face of the patent attached as Exhibit A to the Amended Complaint is July 8, 1997. Display Industries admits that the United States Patent

Office issued a Reexamination Certificate for the '176 Patent and that the date listed as the issuance date on the Reexamination Certificate attached as Exhibit A to the Amended Complaint is November 5, 2002. Display Industries lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 7 of Display Technologies' Amended Complaint and therefore denies them.

8. Display Industries lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 8 of Display Technologies' Amended Complaint and therefore denies them.

## FACTUAL BACKGROUND

9. Display Industries lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 9 of Display Technologies' Amended Complaint and therefore denies them.

10. Display Industries admits it has made and used, and offered to sell products sold under the UltraTracker® name, and that it knew of the original '176 Patent, as to which it believed it was licensed throughout the time it either made, used or offered its products for sale. Display Industries denies all other allegations contained in Paragraph 10 of Display Technologies' Amended Complaint.

11. Display Industries denies the allegations contained in Paragraph 11 of Display Technologies' Amended Complaint.

12. Display Industries denies the allegations contained in Paragraph 12 of Display Technologies' Amended Complaint, except it admits that the UltraTracker® product has borne the '176 Patent number in that Display Industries believed in good faith that it was licensed under the '176 Patent.

13. Display Industries admits that DT and Display Industries are parties to a Settlement Agreement, dated effective December 31, 1999 (the "Settlement Agreement").

14. Display Industries admits that as a result of a binding mediation completed in 2012 a mediator determined that the Display Industries' 2001 UltraTracker product was neither a Licensed Product nor a Modified Product under the Settlement Agreement. Display Industries denies all other allegations contained in Paragraph 14 of Display Technologies' Amended Complaint.

15. Display Industries admits that as a result of a binding mediation completed in 2012 a mediator determined that the Display Industries' 2001 UltraTracker product was not licensed under the '176 Patent under the Settlement Agreement, except that Display Industries denies all other allegations contained in Paragraph 15 of Display Technologies' Amended Complaint.

16. Display Industries admits the allegations contained in Paragraph 16 of Display Technologies' Amended Complaint.

17. Display Industries lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 17 of Display Technologies' Amended Complaint and therefore denies them.

18. Display Industries admits the allegations contained in Paragraph 18 of Display Technologies' Amended Complaint.

19. Display Industries admits the allegations contained in Paragraph 19 of Display Technologies' Amended Complaint.

20. Display Industries admits the allegations contained in Paragraph 20 of Display Technologies' Amended Complaint.

21.     Display Industries denies the allegations contained in Paragraph 21 of Display Technologies' Amended Complaint.

22.     Display Industries denies the allegations contained in Paragraph 22 of Display Technologies' Amended Complaint.

23.     Display Industries admits the allegations contained in Paragraph 23 of Display Technologies' Amended Complaint.

24.     Display Industries admits the allegations contained in Paragraph 24 of Display Technologies' Amended Complaint and it avers that it believed also that the proposed design satisfied the definition of either Licensed Product or Modified Product under the Settlement Agreement.

25.     Display Industries admits that it did not, prior to the institution of this action, invoke the dispute resolution provisions of the Settlement Agreement.  Display Industries denies all other allegations contained in Paragraph 25 of Display Technologies' Amended Complaint.

26.     Display Industries denies the allegations contained in Paragraph 26 of Display Technologies' Amended Complaint.

27.     Display Industries admits the allegations contained in Paragraph 27 of Display Technologies' Amended Complaint, except it avers that no one can infringe an invalid or unenforceable patent.

28.     Display Industries admits the allegations contained in Paragraph 28 of Display Technologies' Amended Complaint.

29.     Display Industries denies the allegations contained in Paragraph 29 of Display Technologies' Amended Complaint.

**FIRST CAUSE OF ACTION**

5

**Patent Infringement**

30.     Display Industries incorporates by reference its answers to the allegations of Paragraphs 1 through 29 as set forth above.

31.     Display Industries denies the allegations contained in Paragraph 31 of Display Technologies' Amended Complaint.

32.     Display Industries denies the allegations contained in Paragraph 32 of Display Technologies' Amended Complaint.

33.     Display Industries denies the allegations contained in Paragraph 33 of Display Technologies' Amended Complaint.

34.     Display Industries denies the allegations contained in Paragraph 34 of Display Technologies' Amended Complaint.

**SECOND CAUSE OF ACTION**
**False Patent Marking**

35.     Display Industries incorporates by reference its answers to the allegations of Paragraphs 1 through 34 as set forth above.

36.     Display Industries denies the allegations contained in Paragraph 36 of Display Technologies' Amended Complaint.

37.     Display Industries denies the allegations contained in Paragraph 37 of Display Technologies' Amended Complaint.

38.     Display Industries denies the allegations contained in Paragraph 38 of Display Technologies' Amended Complaint.

39.     Display Industries denies the allegations contained in Paragraph 39 of Display Technologies' Amended Complaint.

### THIRD CAUSE OF ACTION
### Unfair Competition Under Federal Law

40. Display Industries incorporates by reference its answers to the allegations of Paragraphs 1 through 39 as set forth above.

41. Display Industries denies the allegations contained in Paragraph 41 of Display Technologies' Amended Complaint.

42. Display Industries denies the allegations contained in Paragraph 42 of Display Technologies' Amended Complaint.

### FOURTH CAUSE OF ACTION
### Unfair Competition Under State Law

43. Display Industries incorporates by reference its answers to the allegations of Paragraphs 1 through 42 as set forth above.

44. Display Industries denies the allegations contained in Paragraph 44 of Display Technologies' Amended Complaint.

45. Display Industries denies the allegations contained in Paragraph 45 of Display Technologies' Amended Complaint.

### FIFTH CAUSE OF ACTION
### Tortuous Interference with Prospective Economic Advantage

46. Display Industries incorporates by reference its answers to the allegations of Paragraphs 1 through 45 as set forth above.

47. Display Industries denies the allegations contained in Paragraph 47 of Display Technologies' Amended Complaint.

US2008 3512956.5

48. Display Industries denies the allegations contained in Paragraph 48 of Display Technologies' Amended Complaint.

## DISPLAY TECHNOLOGIES' REQUESTED RELIEF

Display Industries denies that Display Technologies is entitled to any of the relief requested in connection with Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

Display Industries alleges and asserts the following defenses in response to the allegations by Display Technologies undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE

49. Display Industries has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '176 Patent.

## SECOND AFFIRMATIVE DEFENSE

50. Some or all of the claims of the '176 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 101, 102, 103, and 112 of Title 35.

## THIRD AFFIRMATIVE DEFENSE

51. Some or all of Display Industries' claims are barred by the equitable doctrines of waiver, acquiescence, laches, or unclean hands, among other reasons, pursuant to 35 U.S.C §286.

## FOURTH AFFIRMATIVE DEFENSE

52. Display Industries is estopped from asserting infringement of the '176 Patent by Display Industries by virtue of either prior art to '176 Patent or due to Display Technologies' conduct and representations regarding the '176 Patent, including, but not limited to representations made by Display Technologies in connection with prior litigation between Display Technologies and Display Industries concerning the validity of claims of the '176 Patent.

## FIFTH AFFIRMATIVE DEFENSE

53. Display Technologies' claims are, in whole or in part, barred by operation of the applicable statutes of limitations or doctrines of repose respecting the allegations of the Complaint.

## COUNTERCLAIM

Counterclaim Plaintiff Display Industries, LLC, ("Display Industries"), through its counsel of record, Kilpatrick Townsend & Stockton LLP, as and for its Counterclaim against Plaintiff and Counterclaim Defendant Display Technologies, LLC ("Display Technologies"), says:

1. Display Industries is a limited liability company, organized and existing under the laws of the State of Georgia, with its principal place of business in Norcross, Georgia.

2. Upon information and belief, Counterclaim Defendant Display Technologies, LLC is a limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business in New York.

3. Subject to Display Industries' affirmative defenses and denials above, Display Technologies alleges that this Court has jurisdiction over the subject matter of these

Counterclaims under, without limitation, 28 U.S.C. § 1331, 1338(a); accordingly, jurisdiction over this Counterclaim is appropriate and proper under the Federal Rules of Civil Procedure and the alleged provisions of the United States Judicial Code.

4. In or about March, 2000, Display Industries, Display Technologies and The Mead Corporation ("Mead") executed an Agreement ("the Settlement Agreement").

5. The Settlement Agreement ended two, then–pending litigations in which Display Technologies alleged the infringement of the '176 Patent by both Display Industries and Mead.

6. The Settlement Agreement granted Display Industries a non-exclusive, paid-up, non-terminable, world-wide license to make, use, sell, and offer to sell what were described in the Settlement Agreement as "Licensed Products."

7. Licensed Products under the Settlement Agreement were defined, *in haec verba,* as the "types of product depicted in Exhibit A" of the Settlement Agreement.

8. The scope of the license under the Settlement Agreement also included "insubstantial structural variations on the Licensed Products."

9. The license granted by the Settlement Agreement to Display Industries also covers what the Settlement Agreement denominated "Modified Products," which includes "any apparatus (other than Licensed Products) that has structure which is no closer to the claimed structure of any valid claim of the Licensed Patent than is the structure of the Licensed Products."

10. The Settlement Agreement also specified an "exclusive" and "final" mechanism to resolve any disputes whether a new product design to be offered by Display Industries was

entitled to the benefits of the license granted under the Settlement Agreement either as a Licensed Product or as a Modified Product.

11. In or about 2001, Display Industries notified Display Technologies of the now-accused design and provided Display Technologies with information concerning it.

12. Although Display Technologies did not acquiesce to the fact that the new design constituted a Modified Product, therefore entitled to the benefit of the license granted by the Settlement Agreement, it neither instituted the Settlement Agreement's exclusive mechanism to resolve disputes whether a new product design to be offered by Display Industries was entitled to the benefits of the license granted under the Settlement Agreement nor claimed that Display Industries' sale and marketing of the new design display rack for use in refrigerated cases somehow constituted a breach of the Settlement Agreement or infringement of any patent.

13. In reliance on Display Technologies' failure to institute the exclusive mechanism for determining whether a proposed design qualifies as a Modified Product under the Settlement Agreement, Display Industries began, in or about 2003, to make, use, sell, offer for sale, promote and distribute a product embodying the design now accused by Display Technologies of infringing the '176 Patent and has done so continuously since then.

14. Since 2003, the accused product has been openly displayed on the shelves of convenience stores throughout the United States as a dispenser for soda, water and other refrigerated beverages, giving Display Technologies, an active competitor in that marketplace ample opportunity to see, recognize and understand the product.

15.     Prior to the institution of this action, Display Technologies never complained to Display Industries that the now-accused product was not entitled to the benefit of the license granted by the Settlement Agreement.

16.     The product that Display Technologies now accuses of infringing the '176 Patent bears a marking that indicates that it is subject to the '176 Patent.

17.     Display Technologies has never complained to Display Industries that such marking as alleged in Paragraph 17 of this Counterclaim was in any way improper or inappropriate.

18.     In executing the Settlement Agreement, Display Technologies represented to Display Industries that Display Technologies knew of no prior art that would invalidate the Licensed Patent, including the '176 Patent.

19.     That representation, as made by Display Technologies, as alleged in Paragraph 18 of this Counterclaim, was false at the time made and was known to be false by Display Technologies at the time it was made to Display Industries in light of decisions of the United States District Court for the Southern District of New York in another action for patent infringement that Display Technologies had instituted.

20.     The Settlement Agreement was effective as of December 31, 1999, but was actually executed March 2, 2000.

21.     Prior to both the effective date of the Settlement Agreement and the date of the execution of the Settlement Agreement, on December 9, 1999, the United States District Court for the Southern District of New York, which was presiding over yet another action brought by Display Technologies against Paul Flum Ideas, Inc., which also asserted infringement of the '176 Patent, but to which Display Industries was neither a party nor

aware of its existence, entered an opinion that granted partial summary judgment against Display Technologies by invalidating Claim 1 of the '176 Patent.

22. Display Technologies did not disclose the decision alleged in Paragraph 25 of this Counterclaim, invalidating Claim 1 of the '176 Patent to Display Industries, at any time prior to the execution of the Settlement Agreement.

23. Subsequent to the execution of the Settlement Agreement, the United States District Court for the Southern District of New York entered a further order and judgment invalidating several, additional claims of the '176 Patent and holding other claims not infringed by the product there accused of patent infringement.

24. Display Technologies never notified Display Industries of the decision alleged in Paragraph 25 of this Counterclaim, which had the effect of invalidating even more claims of the '176 Patent.

25. In or about March 4, 2002, the United States Court of Appeals for the Federal Circuit affirmed the judgment of invalidity of Claims 1, 4, and 7-11 of the '176 Patent, and remanded the action for further proceedings in light of having reversed invalidity judgments respecting Claims 2 and 3 as well as non-infringement judgments as to Claims 14-16 and 21-26.

26. On July 14, 2000, Display Technologies filed for reexamination of the '176 Patent.

27. On November 5, 2002, the United States Patent and Trademark Office issued a Reexamination certificate for the '176 Patent.

28. In that reexamination proceeding, Display Technologies affirmatively cancelled Claims 1, 4-11, and 17-19, and the United States Patent and Trademark Office confirmed the remaining claims of the original patent and allowed new claims 29-37.

29. Some or all of the claims of the '176 Patent upon reexamination are broader than the presumptively valid claims of the '176 Patent, in violation of 35 U.S.C. §305.

30. The structure of the accused Display Industries' product infringes no valid claim of the '176.

31. An actual controversy exists between Display Technologies and Display Industries relative to Display Industries' freedom to make, use, sell, offer to sell, import, export or otherwise to market and distribute its products free of any claim by Display Technologies of patent infringement.

32. By bringing this action, Display Technologies has breached the Settlement Agreement.

33. The cost and expense of defending this action constitutes Display Industries' damages for Display Technologies' breach of the Settlement Agreement.

34. Display Industries is entitled to a declaration by this Court pursuant to 28 U.S.C. §2201 et seq., that Display Industries has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed to and is not contributing to the infringement of the '176 Patent.

35. Display Industries is entitled to a declaration by this Court pursuant to 28 U.S.C. §2201 et seq., that Display Industries is not liable for false marking, unfair competition, or tortuous interference with prospective business advantage.

36. Display Industries is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree pursuant to 28 U.S.C. §2202.

US2008 3512956.5

## COUNT I

37.     Display Industries repeats and makes a part here its allegations contained in Paragraphs 1-36 above, as though fully set forth herein.

38.     Display Technologies has alleged in this action that Display Industries has infringed, contributed to the infringement of, or induced others to infringe the '176 Patent.  Display Industries denies that it has infringed, contributed to the infringement, or induced others to infringe the '176 Patent.

39.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

40.     Display Industries is entitled to a declaration by this Court that Display Industries has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '176 Patent.

41.     Display Industries is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II

42.     Display Industries repeats and makes a part here the allegations contained in Paragraphs 1-41 above, as though fully set forth herein.

43.     Display Technologies has alleged in this action that Display Industries has infringed, contributed to the infringement of, or induced others to infringe the '176 Patent.  However, some or all of the claims of the '176 Patent are invalid.

44.     There accordingly is an actual, immediate, and justiciable controversy between the parties respecting the validity of asserted claims of the '176 Patent.

45.     Display Industries is entitled to a declaration by the Court rendering some or all of the claims of the '176 Patent invalid.

46.     Display Industries is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III

47.     Display Industries repeats and makes a part hereof its allegations of Paragraphs 1-46 of this Counterclaim.

48.     By failing to institute the exclusive mechanism for determining whether a proposed Display is entitled to the benefit of the license granted under the Settlement Agreement, prior to the filing of this suit, Display Technologies has breached the Settlement Agreement.

49.     Display Technologies knew or should reasonably have known that since 2003 Display Industries has made, used, sold and offered for sale the product it now accuses of infringing the '176 Patent, in part because Display Industries gave Display Technologies contemporaneous notice thereof.

50.     Display Technologies has delayed unreasonably in bringing these claims and should be barred by the equitable doctrines of either laches or estoppel, or both, for making its claim now.

51.     More than six years has passed since Display Technologies knew of Display Industries' sale, offer for sale and promotion of the display rack for use in refrigerated cases that Display Technologies now accuses of infringement of the '176 Patent in this action.

52.     Display Industries is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IV

53. Display Industries repeats and makes a part hereof its allegations of Paragraphs 1-52 of this Counterclaim.

54. Since it began developing, making, using, selling and offering for sale, the display rack now accused of infringement, Display Industries had a good faith belief that it was licensed under the '176 Patent pursuant to the Settlement Agreement.

55. It was not until the 2012 mediation that it was determined that Display Industries 2001 UltraTracker was not licensed under the Settlement Agreement.

56. Display Industries therefore lacked the intent and/or bad faith required to establish liability for false marking, unfair competition under federal law or unfair competition under state law.

## COUNT V

57. Display Industries repeats and makes a part hereof its allegations of Paragraphs 1-56 of this Counterclaim.

58. Display Technologies' misrepresentations made in connection with the Settlement Agreement deprived Display Industries the opportunity to know the facts concerning the validity of the claims of the '176 Patent.

59. Display Technologies intended for Display Industries to rely on the misrepresentations concerning the validity of certain of the claims of the '176 Patent.

60. Display Industries entered the Settlement Agreement relying, in part, on the representations made by Display Technologies respecting the validity of the '176 Patent.

61. Display Technologies is accordingly estopped by virtue of its conduct from enforcing the '176 Patent against Display Industries, irrespective of the license granted under the Settlement Agreement.

17

## REQUEST FOR RELIEF

WHEREFORE, Display Industries, LLC respectfully prays that this Court enter judgment in its favor and as against Display Technologies, LLC with respect to the Complaint and Counterclaim as follows:

1. Adjudging and declaring that Display Industries has not infringed and is not infringing the '176 Patent, either because Display Industries is licensed under the '176 Patent for the accused product or that the accused product, a display rack for use in refrigerated cases does not satisfy the elements of any valid claim of the '176 Patent;

2. Adjudging and declaring that the '176 Patent is invalid, in whole or in part;

3. Adjudging and declaring that Display industries is not liable to Display Technologies for false marking, unfair competition or tortuous interference with prospective business advantage;

4. Awarding Display Industries damages;

5. Enjoining Display Technologies, its officers, agents, employees, managing agents, attorneys, and all those in active concert or participation with them, from asserting the '176 Patent against Display Industries, LLC, with respect to the currently accused product;

6. For such other and further relief as the Court may deem just and proper, including costs of suit;

## JURY DEMAND

Display Industries demands a trial by jury.

Respectfully submitted this 1st day of June, 2012.

                        **KILPATRICK TOWNSEND & STOCKTON LLP**

                        */s/ Frederick L. Whitmer*
                        By: Frederick L. Whitmer (FW-8888)
                        The Grace Building
                        1114 Avenue of the Americas
                        New York, New York 10036-7703
                        Tel: (212) 775-8700
                        Fax: (212) 775-8800
                        fwhitmer@kilparicktownsend.com

                        *Attorneys for Defendant Display Industries, LLC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule Civil Rule 5.2 on June 1, 2012 . Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Frederick L. Whitmer*
Frederick L. Whitmer